IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR242 |
| ) | |
| MACK GORDON HARRIS, SR. ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

# PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Barak Cohen, Trial Attorney, Elizabeth C. Wu, Assistant United States Attorney, the defendant, MACK GORDON HARRIS, SR., and the defendant's counsel, Robert J. Wagner, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1.   Offense and Maximum Penalties**

The defendant, MACK GORDON HARRIS, agrees to plead guilty to Count One of the pending Indictment. Count One charges the defendant with Transportation of a Minor for Illegal Sexual Activity in violation of Title 18, United States Code, Section 2423(a). The penalty for the offense requires a mandatory minimum term of imprisonment of 5 years, a maximum possible term of imprisonment of 30 years, a maximum fine of $250,000.00, full restitution, a special assessment, and a supervised release term for any term of years not less than 5, or life. The defendant is aware that this supervised release term is in addition to any prison term the

1

defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Sentencing Recommendations**

Pursuant to Rule 11(c)(1)(B), the Government agrees to make the following recommendations to the Court at sentencing:

- a. That the applicable guideline section for sentencing purposes is U.S.S.G. §2G1.3 of the November 1, 2005 Guidelines Manual Edition, resulting in a base offense level 24;

- b. That the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct, resulting in a 2 level increase;

- c. That the offense involved the commission of a sex act or sexual contact, resulting in a 2 level increase;

- d. That the defendant's criminal history category is II as determined under Chapter Four, Part A;

- e. That the defendant be sentenced to a life term of supervised release.

As part of this agreement, the defendant agrees that the Government's sentencing recommendations above are correct.

The parties agree that the Government reserves the right to argue, at sentencing, the applicability of U.S.S.G. §4B1.5 (b), resulting in a 5 level increase to the defendant's offense level determined under Chapters Two and Three, and that the Government's sentencing recommendation to the Court will not exceed 135 months. The parties further agree that the

defendant reserves the right to argue, at sentencing, for a downward variance of up to 36 months on the ground that the three (3) years term of imprisonment already served in Georgia pursuant to a fully discharged term of imprisonment be credited to the instant sentence.

### 3. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 4. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

- a. the right to plead not guilty and to persist in that plea;
- b. the right to a jury trial;
- c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and
- d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 5. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive other than that contained in paragraph 2 above, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The defendant further understands that while the Government has agreed to make certain sentencing recommendations as discussed in paragraph 2 above, the Court and the Probation Office are not bound to accept those recommendations.

## 6. Waiver of Appeal and Review

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth

in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

7.     **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

8.     **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons'

Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Restitution for Offense of Conviction

Pursuant to 18 U.S.C. Section 2259, the defendant acknowledges that upon the Court's determination of the full amount of the victim's losses, the Court must order full restitution. At this time, the Government knows of no restitution that is owed in this case.

### 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts.

### 11. Sex Offender Registration

The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, that for a period of life, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residential address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 12. Forfeiture Agreement

The defendant agrees to forfeit all interests in any assets that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property, real or personal, constituting or traceable to gross profits or other proceeds obtainable from the offense(s) of conviction, used or intended to be used to commit or to promote the commission of the offense(s) of conviction. The defendant further agrees to waive all interest in any such asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

## 13. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this

agreement is subject to forfeiture as property facilitating illegal conduct and property involved in illegal conduct giving rise to forfeiture.

## 14. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements,

and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 15. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Elizabeth C. Wu
Assistant United States Attorney

_____
Barak Cohen
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 11-30-09          _____
                        MACK GORDON HARRIS
                        Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 11-30-09

Robert J. Wagner
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 3:09CR242 |
| DEFENDANT'S NAME: | MACK GORDON HARRIS, SR. |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In person (10 AM to 4 PM) | By mail: |
|---|---|---|
| **Richmond cases:** |  | **Clerk, U.S. District Court** <br> **701 E. Broad Street, Suite 3000** <br> **Richmond, VA 23219** |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**