IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| MACK GORDON HARRIS, SR., | ) | Criminal No. 3:09CR242 |
| *Defendant.* | ) | |

## STATEMENT OF FACTS

The United States and the defendant stipulate that the following facts are true, and had this matter proceeded to trial the United States could have proven them beyond a reasonable doubt:

1. On or about June 5, 2005, A.M.L. first communicated in an Internet Christian chat room with the Defendant, MACK GORDON HARRIS, SR., who claimed to be a Christian counselor. A.M.L. was aged 15 years, and resided with her grandparents in Maryland; the defendant was around 62 years old, and resided in Social Circle, Georgia.

2. Shortly after this initial contact, A.M.L. continued to communicate with the defendant online. Among other things, A.M.L. sought the defendant's advice about her everday problems, such as difficulties that she had in high school.

3. A.M.L. grew to trust the defendant, and the two began communicating by telephone with great frequency. During their communications, the defendant sometimes

1

suggested that he and A.M.L. engage in sex. He also exposed his genitals to her on a webcam, and urged her to send naked pictures of herself to him, which she never did. On some occasions while speaking to her on the telephone, the defendant engaged in "phone sex," and masturbated while they talked, and asked her to do the same. In response, she sometimes pretended to masturbate while speaking to him.

4. Through their communications, the defendant learned of A.M.L.'s age, birthday, and home address.

5. The defendant told her that he would visit her for her sixteenth birthday. Just before A.M.L. turned 16, the defendant travelled from Georgia to Maryland to visit her, staying in a hotel close to her residence. The first time that A.M.L. met the defendant in person was the day before her sixteenth birthday, which was on or about November 19, 2005. When they first met, there was no sexually explicit contact between them; the defendant did, however, open-mouth kiss A.M.L.. During that first meeting, the defendant gave A.M.L. a cell phone so that the two could stay in contact more easily.

6. After A.M.L.'s sixteenth birthday and until on or about November 28, 2005, the defendant and A.M.L. secretly met several times, and had sex in various locations near her residence.

7. At some point, the defendant and A.M.L. agreed that he would take her to live with him in the state of Georgia, where she would be home-schooled. He instructed her to pack her belongings and to leave farewell notes for her family.

8. On or about December 14, 2005, the defendant picked up A.M.L. and her luggage in Maryland in the early morning, before her grandparents were awake, and began driving her to

his home in Georgia. The defendant instructed A.M.L. that while travelling, she was not to speak with anybody, but if asked her age, she should respond that she was 25.

9. During the journey south, between on or about December 14, 2005, to on or about December 15, 2005, the defendant and A.M.L. stopped overnight at a hotel in the town of Skippers, Virginia, located in the Eastern District of Virginia, within the jurisdiction of this Court, where A.M.L. and the defendant had sexual intercourse.

10. As part of his guilty plea, the defendant acknowledges that he committed the above conduct knowingly and intentionally, not by accident or mistake, and that he knew his conduct was illegal at the time.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Elizabeth C. Wu
Assistant United States Attorney

_____
Barak Cohen
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I hereby stipulate that the above Statement of Facts are true and accurate and had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Mack Gordon Harris, Sr.
Defendant

I am counsel for Defendant. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision

_____
Robert James Wagner
Office of the Public Defender
Counsel for Defendant