UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:09CR242 |
| | ) | |
| MACK GORDON HARRIS, SR. | ) | |

### DEFENDANT'S POSITION REGARDING SENTENCING FACTORS

COMES NOW the defendant, Mack Harris, Sr., by counsel, and submits his Position Regarding Sentencing Factors, and asks that the Court sentence Mr. Harris to the low end of the guidelines as recommended by the government, with credit for the 36 months served in Georgia, which time is directly related to the offense before this Court. This would result in a sentence of 108 months (low end of the 108-135 month guidelines), less 36 months credit for time served in Georgia, for an ultimate sentence of 72 months.

*State Court Proceedings*

Georgia state authorities considered the nature and circumstances of Mr. Harris's situation - which is the same situation this Court is considering - and determined that the appropriate sentence for the offense conduct was 36 months. Mr. Harris could have received a full 5 years of incarceration under Georgia law (*see* Ga. St. § 16-5-45(c)), but a 36 month sentence was imposed. Maryland authorities attempted to prosecute him for the conduct in that jurisdiction which related to this offense, but abandoned their attempts in favor of federal prosecution. In Maryland, it is not unlawful for an adult to have consensual sexual relations with a person over 15 years of age. *See* MD Code, § 3-301 et seq. Even in Virginia, the sexual conduct between Mr. Harris and the 16 year old, which is a predicate to the underlying charge of Transportation of a Minor for Illegal Sexual Activity under 18 U.S.C. § 2423(a), can only be

punished as a misdemeanor with a maximum sentence of 12 months. *See* Va. Code § 18.2-371.
It is only under federal law that the conduct at issue is treated so harshly. Consequently, a sentence of 72 months is more than sufficient to address all federal sentencing considerations.

*Objections to Guidelines*

**1. Ex Post Facto Considerations Preclude Imposition of a Base Offense Level of 28**

The presentence report ("PSR") applies a base offense level of 28 in this case pursuant to the guidelines now in effect, USSG § 2G1.3(a)(3). *See* PSR Worksheets A and D. The guidelines in effect at the time of the offense conduct (2005), as set forth in the plea agreement at page 2, produce a base offense level of 24. Although there is some dispute in federal courts arising from a single Seventh Circuit case, *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (concluding clause should apply "only to laws and regulations that bind rather than advise."), *cert. denied*, 127 S. Ct. 3055 (2007), every other circuit to have addressed the issue would consider imposition of a base offense level of 28 in this case an *ex post facto* violation.[1] With the government in agreement through its concessions in the plea agreement, and there being no clear guidance from the Fourth Circuit, the more favorable 2005 guidelines should apply.

---

[1] The Sixth Circuit surveyed the law and assumed for purposes of argument in *United States v. Duane*, 533 F.3d 441, 447 (6th Cir. 2008), that "a retroactive change to the Guidelines could implicate the *Ex Post Facto* Clause." This comports with the approach of other circuits that considered the issue. *See, e.g., United States v. Rodarte-Vasquez,* 488 F.3d 316, 322-24 (5th Cir. 2007) (application of harsher Guidelines that took effect after offense date "constituted an *ex post facto* violation" even under "advisory regime" post-*Booker*); *United States v. Carter,* 490 F.3d 641, 643 (8th Cir. 2007) (following *Booker*, Eighth Circuit has continued to recognize that "retrospective application of the Guidelines implicates the *ex post facto* clause"); *see also United States v. Gilman*, 478 F.3d 440, 449 (1st Cir. 2007) (recognizing sole contrary authority from Seventh Circuit, but noting First Circuit had addressed *ex post facto* issue in post-*Booker* decision).

The Guidelines contain what is commonly called a "one book" rule, calling for application of the Guidelines Manual in effect at the date of the defendant's sentencing, unless the court determines that doing so would violate the *ex post facto* clause of the Constitution, in which case the Guidelines in effect on the date of the offense should apply. USSG § 1B1.11(b)(1).

The principle of the *ex post facto* clause is that a defendant should not be subjected to greater punishment at the time of sentencing than would have been allowed when the violation of law occurred, especially if the government has the discretion to bring a case in a more timely manner. *See, e.g., Weaver v. Graham*, 450 U.S. 24, 30 (1981). To put it in the terms used recently by the Sentencing Commission, "[C]ourts to date generally have held that the *ex post facto* clause *does apply to sentencing guideline amendments that subject the defendant to increased punishment*." USSG § 1B1.11, background commentary (emphasis added).

The government could have brought this case against Mr. Harris prior to the time that the guidelines were amended. Mr. Harris should not be penalized for the government's failure to bring the charges in a timely manner. A base offense level of 24 is the appropriate offense level in this case.

**2. Undue Influence Enhancement is Not Recommended or Appropriate**

This Court should adhere to the application of the guidelines as agreed to by the parties in the plea agreement and should reject the application of USSG § 2G1.3(b)(2)(B), unduly influencing a minor to engage in prohibited sexual conduct. In the carefully negotiated recommendation in the plea agreement, this enhancement was not included. Although the age difference of 10 years as provided in the Application Notes applies, the requisite level of

influence for the application of this enhancement has not been met in this case. "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." The facts of this case overcome the rebuttable presumption of age difference, significantly, that the minor was 16 years old and acted voluntarily. Since the government's sentencing recommendation does not include the application of this enhancement, and the facts of this case do not support such an enhancement, it should not be applied.

### *Mr. Harris Should Receive Credit for 36 Months Served in Georgia Arising out of the Same Course of Conduct*

The state conviction of Mr. Harris in Georgia was for the offense Interstate Interference with Custody, and involved the same facts as this charge. *See* PSR at ¶43. For this state offense, Mr. Harris served three years and his sentence has been fully discharged; he has served the sentence in its entirety. *See id.* Under paragraph 2 of the plea agreement, Mr. Harris is free to argue that a downward variance of up to the full 3 years should appropriately be credited to the instant offense. In fact, USSG § 5G1.3(b) requires that an undischarged period of incarceration, if relevant conduct, run concurrently with the present federal sentence. Had this state sentence been undischarged at the time of sentencing for the federal offense, since it is the same conduct at issue, the entire sentence would have been ordered to run concurrently under § 5G1.3(b).

Since this is a discharged sentence, USSG § 5K2.23 and Application Note 4 to § 5G1.3 applies. USSG § 5K2.23 states that:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment

been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

Application Note 4 to Section 5G1.3 states that:

In the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.

The guidelines encourage an adjustment in the defendant's sentence if the discharged period of incarceration is considered relevant conduct. In this case, it is the **same conduct**. Consequently, such an adjustment is required to properly and fairly recognize the period of incarceration already served for the same criminal conduct.

### *"Other Crimes" Evidence*

The PSR includes other crimes information in lengthy and sordid detail from paragraphs 35 through 41. All of this is unadjudicated conduct. For purposes of Mr. Harris's sentencing, he submits that the information provided is sufficient to warrant the 5 level enhancement under USSG § 4B1.5(b). This does not, however, represent any admissions to the allegations of criminal conduct pending against him in Georgia involving his granddaughter. *See* PSR ¶46. After the federal proceedings are completed, Mr. Harris will have to face these additional state charges in Georgia. Rather than warehouse Mr. Harris in federal prison any longer than necessary for the plethora of unadjudicated state allegations contained in the PSR, this Court should let the Georgia authorities address those state charges - and the associated conduct from Georgia - in the Georgia courts in due course.

5

The conduct for which Mr. Harris is to be sentenced in federal court involves a situation for which Georgia authorities determined that three years of incarceration was appropriate. A sentence of an additional 72 months is more than sufficient to satisfy all federal sentencing considerations, especially when the greatest sentence he could receive in Virginia state courts for the conduct in this jurisdiction is 12 months of incarceration. *See* 18 U.S.C. § 3553(a).

WHEREFORE, the defendant respectfully requests that the Court impose a sentence of 72 months in this case.

Respectfully submitted,
MACK GORDON HARRIS

_____/s/_____
Robert J. Wagner
Assistant Federal Public Defender
VSB No. 27493
Attorney for Defendant
Office of the Federal Public Defender
701 E. Broad St., Suite 3600
Richmond, VA 23219
Ph. (804) 565-0808
Fax (804) 648-5033
Email: robert_wagner@fd.org

CERTIFICATE OF SERVICE

       I hereby certify that on February 11, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel: Elizabeth Wu (Elizabeth.Wu@usdoj.gov) and Barak Cohen.

       /s/
Robert J. Wagner
Assistant Federal Public Defender
VSB No. 27493
Attorney for Defendant
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, VA 23219
Ph. (804) 565-0808
Fax (804) 648-5033
Email: robert_wagner@fd.org