IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:09CR242 |
| | ) |
| MACK GORDON HARRIS, SR., | ) |
| | ) |
| *Defendant.* | ) |
| _____ | ) |

**POSITION OF THE UNITED STATES WITH RESPECT
TO DEFENDANT'S SENTENCING FACTORS AND RESPONSE TO
DEFENDANT'S OBJECTIONS**

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Barak Cohen, Trial Attorney, and Elizabeth C. Wu, Assistant United States Attorney, hereby files its position with respect to defendant's sentencing factors and its response to the Defendant's Objections. The United States has no objections to the Pre-Sentence Investigation Report (PSR) or to the calculation of the applicable Guidelines contained therein. The PSR calls for an advisory Guideline prison sentence for the defendant ranging from 188-235 months.

*I.     Background*

Pursuant to the defendant's Plea Agreement, the parties agreed that the applicable Guideline for the offense of conviction is USSG §2G1.3. Under the Plea Agreement, the parties also stipulated to the application of various enhancements resulting in a four-level increase to the defendant's base offense level, based on specific offense characteristics. The government

1

reserved its right to argue the applicability of the five-level increase contemplated by USSG. §4B1.5(b), but otherwise agreed that its Federal Rule of Criminal Procedure 11(c)(1)(B) sentencing recommendation to the Court would not exceed 135 months of what the parties had anticipated would be a 108-135 months Guideline range.[1]  That recommendation, however, was not premised on the Guidelines now in effect, but instead, those in effect at the time of the offense (November 1, 2005).  Nor did the recommendation account the "undue influence" enhancement under USSG. §2G1.3 (b)(2)(B).

## II.     *Government's Response to Defendant's Objections*

Defendant objects to the use of the November 1, 2009, edition of the Sentencing Guidelines, which produce a base offense level 28.  He further objects to the application of USSG §2G1.3 (b)(2)(B), which results in a two-level increase to his base offense level for unduly influencing a minor to engage in prohibited sexual conduct.

A.   The current version of the Sentencing Guidelines should apply to defendant's sentence.

Citing the Constitution's *Ex Post Facto* clause, defendant objects that the Guidelines in effect at the time of the offense (2005) should apply instead of the current Guidelines.  But since the Supreme Court ruled in *United States v. Booker* that the Guidelines are merely advisory, rather than mandatory, using the current versions of the Guidelines does not implicate *Ex Post Facto* concerns.  543 U.S. 220 (2005).

The *Ex Post Facto* clause protects a defendant from the imposition of a punishment greater than what could have been imposed at the time that a crime was committed.  *Collins v. Younblood*, 497 U.S. 37, 43 (1990).  Notably, the clause applies only to laws that bind a court.

---

[1] The calculation of that range reflected a Guideline offense level of 33, which was reduced by three levels for acceptance of responsibility, and a criminal history category of II.

2

*See United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (holding that after *Booker*, "[a] judge is certainly entitled to take advice from the Sentencing Commission"). Because the Guidelines are now merely advisory, *Booker*, 543 U.S. at 220, it follows that the *Ex Post Facto* clause does not cover amendments to the Guidelines. *See id.*, *United States v. Barton*, 455 F.3d 649, 655 n.4 (6th Cir. 2006).[2] Indeed, because the current version of the Guidelines reflect the most up-to-date analysis regarding proper sentencing, that version – not the edition of the Guidelines in effect in 2005 – should inform the Court when it sentences the defendant. *See Demaree*, 459 F.3d at 795 ("For when the Sentencing Commission changes a guideline, it does so for a reason; and since it is a body expert in criminal punishments, its reason is entitled to the serious consideration of the sentencing judge.")

  B. <u>The parties did not contemplate the application of USSG. §2G1.3(b)(2)(B).</u>

Though non-binding on this Court, the defendant's Plea Agreement provided that the Government would recommend a sentence not to exceed 135 months, which represented the high end of the advisory Guideline range calculated by the parties. The Plea Agreement does not contemplate the application of the two-level enhancement under USSG §2G1.3(b)(2)(B) for unduly influencing a minor to engage in prohibited sexual conduct. To be sure, the probation officer's application of the two-level enhancement is well-supported by the facts outlined in the

---

[2] *Contra United States v. Duane,* 533 F.3d 441, 447 (6th Cir. 2008) (assuming *arguendo* that "a retroactive change to the Guidelines could implicate the *Ex Post Facto* clause); *United States v. Rising Sun*, 522 F.3d 989, 992 n.1 (9th Cir. 2008)*; United States v. Thompson*, 518 F.3d 832, 870 (10th Cir. 2008) (restating *Ex Post Facto* rules regarding Guidelines without any reference to *Booker* or its progeny)*; United States v. Turner*, 548 F.3d 1094, 1100 (D.C. Cir. 2008); *United States v. Carter*, 490 F.3d 641, 643 (8th Cir. 2007); *United States v. Kilkenny*, 493 F.3d 122, 127-30 (2d Cir. 2007) (relying on pre-*Booker* law and not addressing advisory nature of the Guidelines); *United States v. Iskander*, 407 F.3d 232, 243 n.8 (4th Cir. 2005) (noting only that district court appropriately used earlier Guideline to avoid *Ex Post Facto* problem, but without addressing *Booker*); *United States v. Sinclair*, No. 08-4272, 2008 WL 4280050, *1 (4th Cir. Sept. 17, 2008) (unpublished) (noting *Iskander* decision as precedent, but also without addressing effect of *Booker*). Defendant also cites to the Fifth Circuit's decision in *United States v. Rodarte-Vasquez*, but that decision neither squarely addresses the question at issue nor offers instructive dicta. 488 F.3d 316, 322-24 (5th Cir. 2007).

3

Offense Conduct section of the PSR (¶¶ 11-28). Those facts reflects the defendant's exploitation of the victim's youth and inexperience, unstable family life, fragile emotional state, and respect for religious authority figures. *Id*. Because of its commitment to the Plea Agreement, however, the Government will not present additional evidence or argument advocating the application of the enhancement.

## III.    *Government's Sentencing Position*

The Government is bound by the terms of its agreement with the defendant. Thus, the Government respectfully recommends to this Court that sentencing the defendant to a term of 135 months achieves the sentencing goals articulated in 18 U.S.C. §3553. *See* Plea Agreement, ¶2.

### A.    USSG. §§ 5K2.23 and 5G1.3 are not warranted as a basis for a downward departure.

The defendant contends that he deserves federal sentencing credit under USSG §§5K2.23 and 5G1.3, comment. (n.4) for the 36 month state sentence that he served in Georgia. *See* Defendant's Position at 4-5. That sentence was pursuant to his 2006 conviction for Interstate Interference with Custody, which was factually interconnected with the offense at issue here. *Id*. The defendant's request for credit, however, is premised upon a misapplication of USSG §5G1.3(b).

USSG §§5K2.23 allows for a downward departure where the defendant has not only completed serving a term of imprisonment, but also, where the "...term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction...**and** that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments) . . . ." USSG §5G1.3(b) (emphasis added). To be sure, the defendant's Georgia term of imprisonment did result from an offense that is relevant

4

conduct to the instant offense. But it is clear that the Georgia conviction did not form the basis for an increase in the offense level for the instant offense under Chapter Two or Chapter Three of the Guidelines. Rather, the only potentially applicable specific offense characteristics from Chapter Two that raise the defendant's base offense level of 28 pertain to i) a 2-level increase for the undue influence of a minor to engage in prohibited sexual activity (USSG §2G1.3(b)(2)(B)); ii) a 2-level increase for using a computer to entice the travel of the minor to engage in prohibited sexual conduct (USSG §2G1.3(b)(3)(A)); and iii) commission of a sex act (USSG §2G1.3(b)(4)(A)). *See* PSR, Worksheet A. It is patently obvious that each of these offense level increases are tied to prohibited sexual conduct. Here, however, the defendant's discharged term of imprisonment necessarily and solely resulted from his persuasion of the minor victim away from her lawful custodians, and his subsequent removal of the victim to Georgia–the same facts that, in part, predicate the instant offense. But the "interstate interference with custody" offense to which the defendant was charged and pled guilty in 2006 is not defined as a sex offense.[3] So while the offense does, in fact, constitute relevant conduct to the instant offense, it does not meet the second prong of the USSG §5G1.3(b): It did not result in an increase in the Chapter Two or Three offense level under the Guidelines for the defendant's federal offense. Thus, the defendant's Georgia term of imprisonment is inapplicable as a basis for sentencing credit.

      Should the Court disagree and find that the defendant's Georgia offense would have provided a basis for an increase in the offense level for the instant offense as required for operation of USSG §5G1.3(b), the Government recognizes that this Court has the discretion to depart downwardly from the advisory Guideline range. Commentary to the relevant Guideline,

---

[3] "[W]ithout lawful authority, taki[ng] and/or entic[ing]...a minor away from her legal custodian and in so doing brought said minor into the State of Georgia, in violation of O.C.G.A. Sec. 16-5-45." *State of Georgia v. Mack Harris,* Indictment No. 06-CR-0163-2.

however, explains that the exercise of that authority is necessarily "predicated on the court's consideration of the factors listed in 18 U.S.C. §3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission." *See* USSG §5G1.3, comment. (backg'd).

Though the defendant asserts that the Guidelines "encourage" an adjustment in the instant case, significantly, with respect to child crimes and sexual offenses,[4] 18 U.S.C. § 3553(b) and USSG §5K2.0 (b) actually articulate a restrictive approach concerning downward departures, expressly limiting any basis for downward departure "only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing Guidelines or policy statements issued under section 994(a) of title 28, taking account of any amendments to such sentencing Guidelines or policy statements by Congress." 18 U.S.C. § 3553(b)(ii); USSG §5K2.0 (b). While a discharged term of imprisonment is specifically identified as a permissible ground for a downward departure under USSG §5K2.23, defendant's service of a 36-month sentence for the distinct crime of "interstate interference with custody" hardly represents a mitigating factor of a kind, or to a degree, that warrants credit. As addressed *supra*, the interstate interference with custody offense to which the defendant was charged and pled guilty in 2006 is not a sex offense, whereas his offense of conviction is. Despite sharing a core factual basis, because these are wholly different offenses–one of which does not require the element of criminal sexual activity – the defendant should not receive credit for his 36-month prison term. Beyond asserting the bald fact that he has served a 36-month sentence for a distinct crime, the defendant has failed to demonstrate a mitigating circumstance – whether it be

---

[4] Those offenses include 18 U.S.C. § 1201 involving a minor victim, 18 U.S.C. § 1591, or any offense under chapter 71, 109A, 110, or 117 (including 18 U.S.C. 2423 (a)).

the nature of the offenses at issue, the timing of the prosecutions, or the length of the discharged sentence – of a kind or to a degree that justifies granting a downward departure. His request for a 36-month credit to his federal sentence should be denied.

Considering the factors set forth in 18 U.S.C. §3553 (a) and pursuant to the terms of the Plea Agreement, the Government respectfully recommends that this Court impose a sentence of 135 months.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____/s/_____
Elizabeth C. Wu
Assistant United States Attorney
Office of the United States Attorney
600 East Main Street, Suite 1800
Richmond, Virginia 23219
804.819.5400
804.771.2316 (fax)
elizabeth.c.wu@usdoj.gov

_____/s/_____
Barak Cohen
Trial Attorney
United States Department of Justice
Child Exploitation and Obscenity Section
1400 New York Ave. N.W., Suite 6400
Washington, D.C. 20005
barak.cohen@ussdoj.gov

CERTIFICATE OF SERVICE

I certify that on February 19, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel for the defendant:

        Robert J. Wagner
        Assistant Federal Public Defender
        Office of Federal Public Defender
        701 East Broad Street, Suite 3600
        Richmond, Virginia 23219

By: _____/s/_____
        Elizabeth C. Wu
        Assistant United States Attorney
        Office of the United States Attorney
        600 East Main Street, Suite 1800
        Richmond, VA 23219
        804.819.5400
        804.771.2316
        elizabeth.c.wu@usdoj.gov