UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:09CR242 |
| | ) | |
| MACK GORDON HARRIS, SR. | ) | |

## REPLY TO GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS

COMES NOW the defendant, Mack Harris, Sr., by counsel, and submits his Reply to the Government's Position Regarding Sentencing Factors. Mr. Harris should receive credit towards his federal sentence for serving a three year sentence in Georgia, a sentence that was imposed for essentially the same conduct as this case. Even the government concedes that the Georgia offense was "factually interconnected with the offense at issue here." Gov't Position at 4. Since the intent of USSG §§ 5K2.23 and 5G1.3(b) and (c) is to prevent double-counting for the same or related conduct prosecuted in two separate proceedings, the defendant should be given full credit towards his federal sentence for time served in Georgia on the related state charge. The government's position on this issue is misplaced because it is not specifically a guideline-driven downward departure that the defendant seeks, but a variance sentence based on guideline principles and constitutional considerations of due process and double-counting.

Rendering a concurrent sentence in this case - or giving credit for the discharged Georgia sentence - is consistent with the Supreme Court's construction of the guidelines and general sentencing principles and purposes:

> [T]he Guidelines . . . explicitly contemplate the possibility of separate prosecutions involving the same or overlapping "relevant conduct." . . . Because the concept of relevant conduct under the Guidelines is reciprocal, § 5G1.3 operates to mitigate the

possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence. If a defendant is serving an undischarged term of imprisonment "result[ing] from offense(s) that have been fully taken into account [as relevant conduct] in the determination of the offense level for the instant offense," § 5G1.3(b) provides that "the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." . . . *Significant safeguards built into the Sentencing Guidelines therefore protect petitioner against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct.* . . .

*Witte v. United States,* 515 U.S. 389, 404-05 (1995) (emphasis added) (brackets in original).

Following the Supreme Court, many circuits have concluded that "[t]he guideline's purpose . . . is to prevent . . . double-counting" of the same offense conduct. *See United States v. Garcia-Hernandez,* 237 F.3d 105, 109 (2d Cir. 2000). *See, e.g., United States v. Rangel,* 319 F.3d 710, 714 (5th Cir.2003) ("Section 5G1.3 'operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence.'") (quoting *Witte,* 515 U.S. at 405); *United States v. Swan,* 275 F.3d 272, 277 (3d Cir. 2002) (Section 5G1.3(b) is "aimed at the situation in which, unless the sentences were concurrent, the defendant would be serving two sentences for essentially the identical offense."); *United States v. Caraballo,* 200 F.3d 20, 26 (1st Cir. 1999) ("[Section] 5G1.3(b)'s central aim is to ensure that no defendant is punished twice for the same crime. . . .").

When a prior offense constitutes relevant conduct with respect to the instant offense - or the same offense, as with this case - the Guidelines treat it as though it were part of the instant offense, and § 5G1.3(b) operates to prevent double-counting. *See United States v. Heard*, 359 F.3d 544, 550-51 (D.C. Cir. 2004). The fact that the time imposed for the overlapping prosecution has already been served is addressed in the guidelines under USSG § 5K2.23. This section allows for a departure in the guidelines when a sentence that has already been discharged

2

is subject to the provisions of § 5G1.3(b), which serves to prevent double-counting by instructing district courts to modify sentences to account for overlapping charges.

Simply put, credit for a state sentence imposed for the same conduct as the federal offense of conviction should not depend on the happenstance of the timing of the federal prosecution. If the state sentence was for the same conduct as the federal offense, time served on that sentence should be credited to the federal sentence. *See United States v. Blackwell,* 49 F.3d 1232, 1240-42 (7th Cir.1995); *United States v. O'Hagan,* 139 F.3d 641, 656-658 (8th Cir.1998). The purpose of such a disposition is to avoid double punishment for the same offense, to ensure flexibility, and to provide "reasonable punishment." *See* USSG §§ 5G1.3(c) and 5K2.23. Obviously, these principles should apply even when a state sentence has been served, and should be considered by the Court under the 18 USC § 3553(a) sentencing scheme.

Mr. Harris's case is one in which the principles underlying § 5G1.3(b) should apply if there were an undischarged period of incarceration. This federal case involves the same offense conduct as the Georgia state case. Since there is not an undischarged period of incarceration, §5K2.23 should apply. Additionally, the sentencing considerations of 18 USC §3553(a), which assure reasonableness and fairness in sentencing, dictate that Mr. Harris should not be punished twice - once in state court and once in federal court - for the same conduct.

The government's position that these are "wholly different offenses," and that the guidelines do not specifically allow for a downward departure is inconsistent with the facts and circumstances of this case. *See* Gov't Position at 6. However, it is not a downward departure

that the defendant seeks, as the plea agreement reflects,[1] but a variance sentence based on fundamental sentencing principles of due process and double-counting. Such a variance sentence is appropriate and supported by § 3553(a) considerations of just punishment and respect for the law. Consequently, this Court should avoid sentencing Mr. Harris in federal court to the same three year prison term he served in Georgia for the same conduct; his federal prison term should be reduced by three years based on the discharged state sentence.

WHEREFORE, the defendant respectfully requests that the Court impose a sentence of 72 months in this case, which reflects a sentence at the low end of the agreed-upon guidelines and credit for time served in Georgia.

Respectfully submitted,
MACK GORDON HARRIS

/s/
Robert J. Wagner
Assistant Federal Public Defender
VSB No. 27493
Attorney for Defendant
Office of the Federal Public Defender
701 E. Broad St., Suite 3600
Richmond, VA 23219
Ph. (804) 565-0808
Fax (804) 648-5033
Email: robert_wagner@fd.org

---

[1] The plea agreement states that "[t]he parties further agree that the defendant reserves the right to argue, at sentencing, for a ***downward variance*** of up to 36 months on the ground that the three (3) years term of imprisonment already served in Georgia pursuant to a fully discharged term of imprisonment be credited to the instant offense." Plea at 3 (emphasis added).

CERTIFICATE OF SERVICE

  I hereby certify that on February 23, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel: Elizabeth Wu (Elizabeth.Wu@usdoj.gov) and Barak Cohen.

                /s/
                Robert J. Wagner
                Assistant Federal Public Defender
                VSB No. 27493
                Attorney for Defendant
                Office of the Federal Public Defender
                701 E. Broad Street, Suite 3600
                Richmond, VA 23219
                Ph. (804) 565-0808
                Fax (804) 648-5033
                Email: robert_wagner@fd.org